**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **PHARMACY TECHNICIAN CERTIFICATION BOARD,**<br><br>**2215 CONSTITUTION AVENUE NW, SUITE 101, WASHINGTON DC 20037**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ASYNTRIA, INC. (F/K/A NPTA-NATIONAL PHARMACY TECHNICIAN ASSOCIATION, INC.), STRADEN-SCHADEN, INC., BPTS-BOARD OF PHARMACY TECHNICIAN SPECIALTIES, INC., AND MICHAEL JOHNSTON,**<br><br>**Defendants.** | **<u>COMPLAINT</u>**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Pharmacy Technician Certification Board ("PTCB" or "Plaintiff") brings this action under 15 U.S.C. § 1114 seeking injunctive relief against Asyntria, Inc. (f/k/a NPTA-National Pharmacy Technician Association, Inc.) ("NPTA"), Straden-Schaden, Inc. ("Straden"), BPTS-Board of Pharmacy Technician Specialties, Inc. ("BPTS"), and Michael Johnston ("Johnston") (collectively, "Defendants" and each a "Defendant"), for trademark infringement and alleges as follows:

## PARTIES

1. Plaintiff Pharmacy Technician Certification Board is a non-profit corporation organized and existing under the laws of the District of Columbia, having a principal place of business at 2215 Constitution Avenue NW, Suite 101, Washington DC 20037.

2. On information and belief, Defendant NPTA is a for-profit corporation organized and existing under the laws of the State of Texas, having a principal place of business at 6002 Foxland Court, Spring, Texas 77379.

3. On information and belief, Defendant Straden is a for-profit corporation organized and existing under the laws of the State of Texas, having a principal place of business at 397 N Sam Houston Parkway E, #300, Houston, TX 77060. As of October 26, 2026, the Privacy and Data Policy set forth on NPTA's website, https://cpht.org/privacy/, states that Straden is doing business as NPTA.

4. On information and belief, Defendant BPTS is affiliated with Defendant NPTA, and is a for-profit corporation organized under the laws of the State of Texas, having a principal place of business at 5900 Balcones Dr., Ste. 100, Austin, Texas 78731.

5. On information and belief, Defendant Michael Johnston is an individual residing in the State of Texas. Also on information and belief, Defendant Michael Johnston founded NPTA, Straden, and BPTS.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

7. On information and belief, Defendants have regularly and intentionally conducted business in the District of Columbia and are subject to personal jurisdiction in the District of Columbia by virtue of their contacts here.

8. On information and belief, Defendants' products and services are offered for sale to customers residing in the District of Columbia and have been provided to customers in the District of Columbia.

9. On information and belief, Defendants have voluntarily and purposefully placed the infringing products and services into the stream of commerce with the expectation that they will be purchased and/or used in the District of Columbia.

10. On information and belief, Defendants NPTA, Straden, and BPTS are marketing and advertising their products and services in the District of Columbia, and Defendant Michael Johnston directs such marketing and advertising activities. Indeed, on information and belief, Defendant Johnston controls all aspects of Defendants NPTA, Straden, and BPTS.

11. Defendants have committed infringing acts against Plaintiff within the District of Columbia and, as a result of Defendants' unlawful activities, Plaintiff has experienced harm in the District of Columbia.

12. Venue in the United States District Court for the District of Columbia is proper under 28 U.S.C. § 1391(b) because Defendants regularly do business in Washington, D.C., have availed themselves to the jurisdiction of Washington, D.C., and conduct giving rise to Plaintiff's claim has occurred in Washington, D.C.

## FACTUAL BACKGROUND

### A. PTCB's Business and Use of the CPHT-ADV Mark

13. PTCB was founded in 1995 and is a pharmacy technician credentialing board. PTCB was founded with the mission of standardizing pharmacy technician credentialing across the United States and increasing medication safety across all pharmaceutical services to patients.

14. PTCB's business includes the creation and administration of its own Certified Pharmacy Technician (CPhT) program and Advanced Certified Pharmacy Technician (CPhT-Adv) program. These programs include certifications that pharmacy technicians may receive to demonstrate knowledge and capabilities in the field, along with related continuing education

programs that pharmacy technicians must complete in order to maintain any certification status received from PTCB.

15. Many states and U.S. territories, including the District of Columbia, require that pharmacy technicians be certified by either PTCB or the National Healthcareer Association ("NHA"). On information and belief, no states require or accept certification with NPTA or BPTS.

16. PTCB markets its Advanced Certified Pharmacy Technician certification using the certification mark CPHT-ADV (the "CPHT-ADV Mark").

17. In recognition of PTCB's rights in the CPHT-ADV Mark, the U.S. Patent and Trademark Office issued U.S. Registration No. 7,980,089 as described in the table below. A copy of the U.S. Trademark Registration Certificate is available as Exhibit 1:

| **Mark:** | **Reg. No.** | **Reg. Date** | **Services** |
|---|---|---|---|
| CPHT-ADV | 7,980,089 | October 14, 2025 | Class B: Pharmacy services; pharmacy technician services, namely, providing expertise in the field of advanced pharmacy and patient care services. |

18. PTCB first used the CPHT-ADV Mark in commerce on November 18, 2020.

19. PTCB applied for the CPHT-ADV Mark in January of 2022, and the CPHT-ADV Mark was officially registered to PTCB on October 14, 2025.

20. The registration of the CPHT-ADV Mark is valid and subsisting, and was duly and legally issued. The registration of the CPHT-ADV Mark constitutes prima facie evidence of the validity of the registered mark, PTCB's claim of ownership in the CPHT-ADV Mark, and PTCB's exclusive right to use the CPHT-ADV Mark in commerce in the United States in accordance with Section 7(b) of the Trademark Act, 15 U.S.C. § 1057(b). The registration for the CPHT-ADV Mark also constitutes constructive notice of ownership of the CPHT-ADV Mark by PTCB in accordance with Section 22 of the Trademark Act, 15 U.S.C. § 1072.

21. PTCB continues to use the CPHT-ADV Mark in commerce in the United States in connection with the provision of its Advanced Certified Pharmacy Technician certification program.

22. The CPHT-ADV Mark is a certification mark that indicates that a pharmacy technician has met the qualifications required by PTCB to identify and represent himself or herself as an Advanced Certified Pharmacy Technician. These qualifications include passage of PTCB's Certified Pharmacy Technician exam, three years of work experience as a pharmacy technician within the past eight years, and obtaining at least four PTCB assessment-based certificate programs or three PTCB assessment-based certificate programs in addition to PTCB's Certified Compounded Sterile Preparation Technician certification.

23. Maintaining the Advanced Certified Pharmacy Technician certification associated with the CPHT-ADV Mark requires twenty-five hours of continuing education programming biannually.

24. Pharmacy technicians who achieve the Advanced Certified Pharmacy Technician certification are able to claim a "digital badge" that may be included in his or her email signature, resume, or on social media sites such as LinkedIn that identifies the pharmacy technician as having obtained the certification and links to information regarding what the certification means (the "CPHT-ADV Badge"). This digital badge includes the CPHT-ADV Mark.

25. As a certification mark, the CPHT-ADV Mark is not simply a source identifier, but a quality indicator. Pharmacy technicians utilizing the CPHT-ADV Badge have completed PTCB's rigorous qualification standards, and must take continuing education coursework to retain their certification. Use of the CPHT-ADV Mark by other entities – particularly by other entities that do not maintain the qualification standards that PTCB does – has the effect of diluting the

value of a CPHT-ADV Badge and creating market confusion regarding the meaning of CPHT-ADV certification.

**B. Defendants' Infringing Conduct**

26. Defendants are marketing, advertising, offering for sale, and selling certification-related products and services in commerce using the CPHT-ADV Mark.

27. Defendants' infringing conduct is part of a larger scheme by Defendants to duplicate Plaintiff's business, certification products, and trade dress for their own use and benefit.

28. In 2019, PTCB and Defendant NPTA entered into a mutual non-disclosure and confidentiality agreement for the purpose of sharing non-public exam content outlines with NPTA so that they could develop education and apply to be a PTCB-recognized education provider for PTCB assessment-based certificate programs.

29. NPTA received full approval to provide training programs and test preparation courses for PTCB administered exams in 2020.

30. In November of 2020, PTCB began offering the Advanced Certified Pharmacy Technician credential under the CPHT-ADV Mark.

31. In order to offer the Advanced Certified Pharmacy Technician credential, PTCB had to create and define what information, knowledge and skills would be necessary in order for a pharmacy technician to receive the credential. PTCB also had to define eligibility requirements including experience, education and training, and author eleven examinations that adequately tested this knowledge and skillset. PTCB has put significant time and effort into designing, administering and maintaining the Advanced Certified Pharmacy Technician program, which has gained PTCB and the Advanced Certified Pharmacy Technician program recognition in the pharmacy profession.

32. The materials and information that serve as the basis for PTCB's various pharmacy technician certification programs are proprietary to PTCB and are the intellectual property of PTCB.

33. The questions included in PTCB's certification exams are the confidential and proprietary information of PTCB.

34. PTCB offers its certification exams through Pearson Professional Assessments (formerly Pearson VUE) ("Pearson"), in test centers and via online remote proctoring.

35. In July of 2021, a former employee of NPTA informed PTCB that NPTA staff were taking online-proctored PTCB certification exams while utilizing screen mirroring software for the purpose of recording PTCB's proprietary exam questions.

36. After discovering that NPTA's employees were utilizing screen mirroring to gain access to PTCB's confidential test materials through Pearson's online proctored exams, PTCB worked with Pearson to investigate the incident. Pearson conducted a forensic audit of NPTA's employee candidates and issued a report finding that severe exam security breaches occurred.

37. Following Pearson's investigation and report, PTCB sent, through counsel, a cease-and-desist letter to NPTA regarding its unauthorized conduct and demanding that NPTA cease all references to PTCB.

38. PTCB also issued disciplinary rulings against the NPTA employees involved in the collection of PTCB's confidential exam materials, including Defendant Michael Johnston who, on information and belief, was the leader of the scheme to obtain PTCB's exam materials.

39. After PTCB terminated NPTA as an approved provider of education and preparation coursework, NPTA launched BPTS to compete with PTCB and offer credentials

directly copying the names associated with PTCB's credential programs, included the CPHT-ADV Mark.

40. On information and belief, Defendant Michael Johnston has executed a calculated plan to duplicate all aspects of PTCB's credentialing business, in order to take business away from PTCB, disrupt the industry, and inflict harm against PTCB.

41. NPTA, through BPTS, has continued to duplicate the branding, logos and credential names associated with and used by PTCB:

a. BPTS's logo is visibly similar to PTCB's logo, in both color scheme and use of a check mark symbol:

b. BPTS's digital badge designs mimic PTCB's digital badge designs:

**CPhT-Adv Program**
BPTS - Board of Pharmacy Technician Specialties

**Technician Product Verification Certificate...**
BPTS - Board of Pharmacy Technician Specialties

**Medication History Certificate Program**
BPTS - Board of Pharmacy Technician Specialties

**Controlled Substances Diversion Certificate...**
BPTS - Board of Pharmacy Technician Specialties

**Medication Therapy Management Certificate...**
BPTS - Board of Pharmacy Technician Specialties

**Regulatory Compliance Certificate Program**
BPTS - Board of Pharmacy Technician Specialties

**BCSCPT Program**
BPTS - Board of Pharmacy Technician Specialties

**Immunization Administration Certificat...**
BPTS - Board of Pharmacy Technician Specialties




c. Defendants, through BPTS, have offered for sale certain pharmacy technician merchandise that duplicates the appearance of that sold by PTCB:






d. Defendants, through BPTS, have mimicked PTCB's organizational branding for Defendants' "Rx Tech Day" promotions, by using the same color schemes in materials associated with the event, down to the same teal and blue hues and font styles that are part of PTCB's primary brand palate:






PTCB STORE

OFFICIAL MERCH FOR THE PHARMACY TECHNICIAN COMMUNITY

ptcb.org/credentials

PTCB

# Credentials at a Glance

PTCB credentials enable technicians to work more efficiently with pharmacists to offer safe and effective patient care and services.

PTCB offers credentials to individuals who wish to distinguish themselves in the pharmacy technician field and build rewarding careers in healthcare. PTCB **Certifications** and PTCB **Assessment-Based Certificates** serve two distinct purposes.

## CERTIFICATIONS

Certifications assess an individual's mastery of job knowledge, require continuing education, and award an acronym after the recipient's name.

CPhT

**Certified Pharmacy Technician (CPhT)**
A first step toward a rewarding career in healthcare, CPhT is fundamental across pharmacy settings for advancing medication safety and supporting the pharmacy team.

CSPT

**Certified Compounded Sterile Preparation Technician® (CSPT®)**
For CPhTs working in sterile compounding, CSPT demonstrates specialized knowledge in sterile preparation.

CPhT-Adv

**Advanced Certified Pharmacy Technician (CPhT-Adv)**
CPhTs who demonstrate advanced knowledge and an unwavering commitment to advancing medication safety are

42. On information and belief, Defendants' course of action described herein is not a coincidence, but an intentional duplication of PTCB's business, for the purpose of confusing pharmacy technicians seeking certification with PTCB and, in the process, harming the goodwill enjoyed by PTCB.

43. On information and belief, Defendants offer coursework and certification through the website "cpht.org," (using the .org domain despite being a for-profit entity) and as of October 26, 2026, include offerings on their website for services marketed as "BPTS' CPhT-Adv Program," which Defendants' website claims "are available to ALL certified pharmacy technician, including CPhTs certified by NHA and PTCB…and there are roughly half the price of alternatives." *See* Exhibit 2, BPTS' CPhT-ADV Program, available at https://cpht.org/cpht-adv/.

44. Defendants' use of the CPHT-ADV Mark has caused multiple instances of consumer confusion.

45. In one instance, a pharmacy technician emailed PTCB stating she had taken and passed the "CPhT-Adv required certification through BPTS" offered by Defendants and desired to receive the CPHT-ADV Badge associated with the Advanced Certified Pharmacy Technician certification offered by PTCB. Because Defendants' certification and course work marketed using the CPHT-ADV Mark does not meet the requirements of PTCB's Advanced Certified Pharmacy Technician certification, the pharmacy technician in this instance was denied the Advanced Certified Pharmacy Technician certification associated with PTCB's CPHT-ADV Mark and informed that in order to receive and use the CPHT-ADV certification, she needed to complete PTCB's requirements.

46. On information and belief, other individuals seeking certifications from PTCB, including PTCB's Advanced Certified Pharmacy Technician certification associated with the CPHT-ADV Mark, have been confused by Defendants' offerings.

47. Having attempted to resolve this dispute amicably, PTCB is left with no choice but to initiate this lawsuit to compel Defendants to take meaningful steps to correct the continuing harm to PTCB caused by Defendants' use of the CPHT-ADV Mark.

**COUNT I**
**(against all Defendants)**
**Infringement of Registered U.S. Trademark Under the Lanham Act, 15 U.S.C. § 1114**

48. PTCB incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

49. PTCB's CPHT-ADV Mark is valid and enforceable, and PTCB has the exclusive right to use in commerce the CPHT-ADV Mark in connection with its products and services.

50. The CPHT-ADV Mark and goodwill of the business associated with it in the United States are valuable, distinctive, and have become associated with the high-quality requirements and standards that PTCB requires pharmacy technicians to meet to receive the certification associated with the CPHT-ADV Mark.

51. Defendants' unauthorized use in commerce of the CPHT-ADV Mark in connection with the marketing, advertising, offering for sale, and sale of BPTS's competing, yet inferior, offerings has caused, and continues to cause, confusion, mistake, or deception among consumers as to the source, origin, nature, quality, or sponsorship of such products and services or as to the affiliation, connection, or association with PTCB, or the mistaken belief that PTCB authorizes, licenses, or sponsors such use.

52. Defendants' actions have damaged and will continue to damage the goodwill that PTCB has earned and cultivated over years of use of the CPHT-ADV Mark.

53. On information and belief, Defendants' actions forming the basis of this Complaint are willful, intentional, malicious, and done with knowledge of the continuing goodwill represented by and associated with PTCB's CPHT-ADV Mark and its exclusive proprietary rights therein, and with the knowledge that these actions are likely to confuse, mislead, and deceive the public.

54. Defendants, and especially Defendant Michael Johnston, have profited and will continue to unfairly profit and otherwise benefit from their infringing conduct.

55. Defendants' wrongful conduct has caused and will continue to cause irreparable harm and injury to PTCB and its CPHT-ADV Mark and to the valuable goodwill associated therewith.

56. PTCB is entitled to a permanent injunction enjoining Defendants' current and future use of the CPHT-ADV Mark.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment against Defendants on each of Plaintiff's claims, and further request that the Court:

a. Enter a permanent injunction prohibiting Defendants, their employees, officers, directors, affiliated businesses, successors and assigns, and all persons acting by, through, under, or in active concert or in participation with or controlled, either directly or indirectly, by any of them, from using the CPHT-ADV Mark or other mark confusingly similar to Plaintiff's CPHT-ADV Mark in connection with its products or services, and any other conduct that is likely to cause confusion, mistake, or deception as to Plaintiff's affiliation, connection, or association with Defendants and the infringing products and services, or as to the origin, sponsorship, or approval by Plaintiff of Defendants and the infringing products and services, or that will otherwise damage Plaintiff and its CPHT-ADV Mark;

b. Award to Plaintiff the costs of the action;

c. Order Defendants to pay Plaintiff the reasonable costs and attorneys' fees Plaintiff incurs in connection with this action;

d. Include any pre- and post-judgment interest legally available to Plaintiff; and

e. Grant to Plaintiff such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

To the extent applicable, and in order not to waive any right it may have, Plaintiff demands a jury trial on all issues and claims so triable.

Dated: October 26, 2026.

Respectfully submitted,

/s/ Tiffany E. Payne
Tiffany E. Payne
D.C. Bar No. 988890
MOORE & VAN ALLEN PLLC
78 Wentworth St.
Charleston, South Carolina 29401-1428
Telephone: (843) 579-7054
Email: tiffanypayne@mvalaw.com

*Attorney for Plaintiff*
*Pharmacy Technician Certification Board*